Ruffin, Chief Justice,
after stating the case as above, proceeded as follows: It may be remarked in the first place, that there was no evidence to sustain the plea that the charge was one of burglary, so as not to be, for that reason, within the jurisdiction of the County Court. The condition of the recognizance does not so express; and the warrant falls short of making a case of burglary, by omitting several of its essential requisites, as, for example, that the breaking was into the dwelling house, or that the smoke house was a part of the dwelling house, or within the curtilage. But supposing this to have been otherwise, it is quite clear, we think, that the defendant’s objection is unfounded in law.
The obligation of the recognizance does not depend upon the enquiry whether the Court, before which the party is required to appear, has jurisdiction of a particular crime charged against the party, but upon the duty and power of the magistrate to examine and admit such party to bail. By the act of 1715, 1 Rev. Stat. ch. 35, sec. 1, the duty of examination by a magistrate before commitment is enjoined; and it is further prescribed, that the magistrate shall admit the party to bail, if bailable. The mode of letting to bail is -not specified; but it must be inferred that such method was meant as was authorized by antecedent laws, or such as might subsequently be enacted. This certainly includes a recognizance acknowledged before a justice of the peace and by him returned into a common law court of record and there enrolled, as enacted by ancient statutes and practised almost immemorial- *380 iy_ A justice of the peace has, unquestionably, the power to take recognizances for the appearance of persons, generally, to answer for any criminal matter. But it is said that if the court cannot take an indictment for the offence charged, or try the same, the party’s appearance in that court is nugatory, and therefore the recognizance must be inofficious. We think otherwise; for if that court may not try and punish the accused, it may, at least, examine further into the case, so as to ascertain what court has the jurisdiction to try and punish, and may commit or bind the party over to answer in that Court. It is often a nice point to determine what court has jurisdiction. The duty of judging correctly on that point is not imposed on the magistrate, in the first instance, so imperatively as to make his mistake on it a justification of the accused for disregarding his recognizance, and by so doing, elude the service of other process and escape punishment altogether. The recognizance obliges the party to appear according to it, in order that the public justice may not be defeated; and that if he was bound at first to an improper court,, he may be sent to the proper court, there to have his guilt or innocence duly and fully enquired of. It is true, the act of 1715 says that the magistrate shall take recognizances from the informer and witnesses, to appear at the next court, “where the matter is cognizable,” and that the recognizances shall be returned into the office of “ the court, wherein the matter is to be tried;” and upon those provisions this objection is partly founded. But we think the act in that part of it is merely directory as to the time and place of returning the proceedings, so that they may be acted on speedily and efficiently, for the advantage of each side. It means only, that the return shall be made to the next term of the court, in which, according to the recognizance, the party is to appear; so that the party shall not be required to appear at one term or in one court, and the recognizance be returned to a subsequent term or to a different court. The point made in this case is not at all within the purview of the act; and we are not aware of any case and do not perceive any reason to support it.
Per Curiam. Judgment affirmed.